UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIE SINGLETON,

    Petitioner,

 -vs-

WILLIAM A. LEE,

    Respondent.

**DECISION AND ORDER**
**No. 6:10-CV-6094(MAT)**

---

**I. Introduction**

Pro se petitioner Willie Singleton ("Singleton" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his judgment of conviction entered on October 17, 2007, following a jury trial in New York States Supreme Court (Ontario County), on one count of Assault in the Second Degree (New York Penal Law ("P.L.") § 120.05(7)).

**II. Factual Background and Procedural History**

The conviction stems from Singleton's assault on a fellow inmate on November 27, 2006, when he was incarcerated at the Ontario County Jail. Singleton, who was part of the facility's cleaning detail, went to the janitor's closet to retrieve his cleaning supplies and cart at about 4:30 p.m. T.196-97, 247-48.[1] As

---

[1] Numbers preceded by "T." refer to the trial transcripts, and numbers preceded by "S." refer to the sentencing minutes. These transcripts are submitted as attachments (Dkt #9-3) to Respondent's Answer (Dkt #9).

Singleton left the janitor's closet with his cart, he encountered another inmate named Michael Manka ("Manka"). Manka either bumped into Singleton's cart or was accidentally struck by the cart, and a mop handle almost hit him in the face. Manka said, "Watch out, motherfucker. You almost hit me." T.249, 275. Singleton responded, "What did you say?" T.183, 249. Singleton then punched him four or five times in the face. T.182-83. Manka sustained bruising to the left side of his face and substantial swelling to his left eye. Manka testified that his pain persisted for several days and he had headaches during that time. T.278-79.

Correctional Officer Ronald Buckley intervened in the altercation and ordered the men to return to their cells. T.183-84, 235. When Sergeant Christian Smith spoke to Singleton after the incident, Singleton stated that Manka had bumped into his cart and called him a "motherfucker." Petitioner also admitted that he punched Manka. T.311-12.

At approximately 6:30 p.m., Investigator James McCaig interviewed Singleton. After being issued his Miranda warnings, Singleton again admitted that Manka had called him a "motherfucker" and, in response, Singleton punched Manka in the face. T.328.

Petitioner took the stand and testified at his trial. Petitioner stated that he was pushing a cart with cleaning materials, when Manka walked into the cart and said, "Watch where you are going motherfucker!" T.341. Petitioner responded, "What did

you say?" Manka stated, "You heard what I said." Singleton replied, "I thought so," and an "altercation" ensued. T.341. According to Petitioner, there was a lot of "loud talking", and then he and Manka were returned to their cells. T.342. Singleton denied striking Manka. T.347.

On October 10, 2007, the jury returned a verdict finding Singleton guilty as charged in the indictment. T.404. On October 17, 2007, Singleton was sentenced to a six-year term of imprisonment and three years of post-release supervision. S.11.

On August 11, 2008, Singleton filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") 440.10 on the grounds that he was denied his right to counsel at the arraignment and that the trial court issued erroneous instructions regarding his right to request his arraignment be adjourned for the purpose of securing counsel. On November 6, 2008, the trial court denied the motion, relying on C.P.L. § 440.10(3)(c), which states that the court may, but is not required to, deny a motion when the defendant was in a position to raise the claim in a prior motion to vacate[2] but failed to do so.

---

[2] The trial court refers in its decision refers to two other motions to vacate dated July 24, 2008 and September 9, 2008. Those motions pertain to Singleton's conviction for Failure to Register as a Sex Offender, which was challenged in another habeas corpus petition filed in the Western District of New York, Singleton v. Lee, 6:09-CV 6654(MAT) (W.D.N.Y. Mar. 31, 2012), appeal dismissed, Singleton v. Lee, 12-1211(L), 12-1273(Con) (2d Cir. July 5, 2012), and is not at issue here.

The Ontario County District Attorney's Office did not file opposition papers. The trial court found that Singleton had presented no new facts which justified his failure to raise the arguments in a prior motion to vacate. The trial court also found that, pursuant to C.P.L. § 440.10(2)(c), sufficient facts appeared on the record for Singleton to have raised these claims on direct appeal, yet he unjustifiably failed to do so. Singleton's application for leave to appeal to the Appellate Division, Fourth Department, of New York State Supreme Court, was denied on September 30, 2009.

On January 6, 2009, Singleton filed a second C.P.L. § 440.10 motion to vacate the judgment on the ground that the prosecution failed to prove the "physical injury" element of second degree assault. The Ontario County District Attorney's Office again did not file opposition papers. On February 27, 2009, the trial court denied the motion, finding that Singleton had presented no new facts that could not have been raised in his previous C.P.L. § 440.10 motions. On August 20, 2009, the Fourth Department denied leave to appeal.

On direct appeal, Petitioner's appellate counsel submitted a brief in the Fourth Department arguing that (1) the trial court erroneously limited the scope of cross-examination of the victim regarding his prior crimes, thereby violating Petitioner's Sixth

Amendment right to confrontation; (2) Petitioner was vindictively sentenced because he asserted his right to trial; and (3) the sentence was harsh and excessive. The Ontario County District Attorney's Office submitted a brief in opposition.

In a memorandum decision dated November 13, 2009, the Fourth Department unanimously affirmed the conviction. People v. Singleton, 67 A.D.3d 1455 (4th Dept. 2009). The court concluded that the trial judge had erred in limiting cross-examination of the victim with respect to his prior arrests for rape and conviction of sexual abuse. However, there was "no reasonable possibility that the error might have contributed to [Singleton]'s conviction" and therefore it was "harmless beyond a reasonable doubt". Id. (quotation and citation omitted). The Fourth Department rejected as unpreserved and, in any event, without merit, the contention that the trial court penalized Singleton for asserting his right to trial by imposing a greater sentence than that offered during plea negotiations. The Fourth Department rejected Singleton's argument raised in his pro se supplemental brief that the evidence of physical injury was legally insufficient to support the conviction. Finally, the Fourth Department rejected as unpreserved Singleton's argument, raised in his pro se brief, that the trial court failed to comply with the requirements of C.P.L. 200.60. Leave to appeal to the New York Court of Appeals was denied on November 30, 2009. People v. Singleton, 13 N.Y.3d 862 (2009).

This timely habeas petition followed in which Singleton asserts the following grounds for relief: (1) he was denied his Sixth Amendment right to counsel at his arraignment and was erroneously instructed by the trial court with respect to his right to an adjournment in order to obtain an attorney; (2) he was not arraigned on a special information in violation of C.P.L. § 200.60 and his Fourteenth Amendment right to due process; (3) he was improperly held for forty-three days in the local criminal court while awaiting disposition of the felony complaint; and (4) he was denied his First Amendment right to not be subjected to obscene and profane language.

Respondent answered the petition and has asserted that all but one of the claims are unexhausted, but also procedurally defaulted because Petitioner has no viable means of returning to state court to exhaust them. See Respondent's Memorandum of Law ("Resp't Mem.") at 8-11 (Dkt #10). Respondent also contends that certain claims are procedurally defaulted because they were rejected by the state courts based upon adequate and independent state grounds. Id. at Finally, Respondent argues, in the alternative, that all of the claims lack merit. Id. at 12-20 (Dkt #10). Petitioner filed a reply brief. (Dkt #11).

Because Petitioner's claims are easily disposed of the merits, the Court declines to address the potentially more cumbersome issues of exhaustion and procedural default. See, e.g., Goston v.

Rivera, 462 F. Supp.2d 383, 392 (W.D.N.Y. 2006) (citing Boddie v. New York State Div. of Parole, 285 F. Supp.2d 421, 428 (S.D.N.Y. 2003)).

**III. Discussion**

    **A.    Errors at Petitioner's Arraignment**

Petitioner claims that he was denied his right to counsel when he was arraigned on a felony complaint in town court. Petitioner has submitted a letter from the Town of Hopewell court clerk, stating that Petitioner was arraigned on December 12, 2006, and Scott Falvey, Esq. was appointed as counsel. Apparently, the trial court was unable to set bail on that day. As Respondent points out, it is not clear whether Attorney Falvey was actually present at the initial arraignment. The letter goes on to state that on December 19, 2006, Marc Duclos, Esq., was substituted as counsel.

Attorney Duclos appeared with Singleton when he testified before the grand jury. After Singleton was indicted by the grand jury on January 18, 2007, one count of second degree assault, Attorney Duclos moved, on January 23, 2007, to have the felony complaint dismissed. The trial court dismissed the felony complaint without prejudice, and the matter was transferred to the superior court. On February 21, 2007, with Attorney Duclos still representing him, Singleton was arraigned on the indictment.

The Sixth Amendment right to counsel "attaches only at the initiation of adversary criminal proceedings[.]" Davis v. United

States, 512 U.S. 452, 457 (1994) (internal and other citations omitted). A defendant is constitutionally entitled to the assistance of counsel solely in those pre-trial circumstances considered "critical stages" in the proceedings. Claudio v. Scully, 982 F.2d 798, 802 (2d Cir. 1992)(citing, inter alia, Coleman v. Alabama, 399 U.S. 1, 7 (1970)). "Critical stages" include "the type of arraignment . . . where certain rights may be sacrificed or lost." United States v. Wade, 388 U.S. 218, 255 (1967); see also Hamilton v. State of Alabama, 368 U.S. 52 (1961) (holding that under Alabama state law, the arraignment was a critical stage in criminal proceedings in the sense that certain defenses (such as insanity) would be irretrievably lost if not asserted); Hurrell-Harring v. State, 15 N.Y.3d 8, 20, 930 N.E.2d 217 (N.Y. 2010) (holding that under the circumstances of the instant case, arraignments must be deemed a "critical stage" since, even if guilty pleas were not elicited from the plaintiffs (indigent criminal defendants in New York State), plaintiffs' pretrial liberty interests were regularly adjudicated at arraignments with serious consequences, both direct and collateral) (citations omitted).

The Court assumes arguendo that Singleton's arraignment in town court was such a "critical" stage and that his right to counsel was violated. Courts in this Circuit have held that habeas relief is not warranted where a criminal defendant was denied his

right to counsel at an initial arraignment, but the defendant was not deprived of his rights or otherwise prejudiced. See United States ex rel. DeBerry v. Follette, 395 F.2d 686, 688 (2d Cir. 1968); Holland v. Allard, No. 04-CV-3521(DRH)(MLO), 2005 WL 2786909, at *7 (E.D.N.Y. Oct. 26, 2005) (citations omitted); Bradley v. LaClair, 599 F. Supp. 2d 395 (W.D.N.Y. 2009) (citations omitted); United States ex rel. Hussey v. Fay, 220 F. Supp. 562, 563 (S.D.N.Y. 1963).[3] Thus, even assuming that Singleton was denied counsel at his original arraignment on the felony complaint, this error was harmless. Here, counsel was immediately appointed after the initial arraignment; Singleton was able to testify in the grand jury with the assistance of counsel; and he was arraigned on the indictment with counsel present. See Fry v. Pliler, 551 U.S. 112 (2007)(A constitutional error is harmless, for purposes of habeas review, unless it had a "substantial and injurious effect" on the verdict).

**B.   Failure to Comply with C.P.L. 200.60**

Petitioner contends that he is entitled to habeas relief because the trial court failed to arraign him on the special

---

[3] According to the New York State Court of Appeals, these cases do not stand for the general proposition that the presence of counsel is optional at arraignment but "rather stand for the very limited proposition that where it happens that what occurs at arraignment does not affect a defendant's ultimate adjudication, a defendant is not[,] on the ground of nonrepresentation[,] entitled to a reversal of his or her conviction." Hurrell-Harring, 15 N.Y.3d at 21.

-9-

information as required by C.P.L. § 200.60. "A 'special information' is a statutory creature" found in C.P.L. § 200.60. People v. Powlowski, 172 Misc.2d 240, 243, 658 N.Y.S.2d 558, 561 (N.Y. Sup. Ct. 1997) (citing N.Y. CRIM. PROC. LAW § 200.60(1)). C.P.L. § 200.60 provides, in sum and substance, that "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction." Adorno v. Portuondo, No. 97CV696FJSGLS, 2000 WL 33767758, at *2 n.6 (N.D.N.Y. Aug. 31, 2000) (citing N.Y. CRIM. PROC. LAW 200.60(1),(2)). Where the statutory name of an offense contains a reference to previous conviction, the statutory name may not be used in the indictment. Id. Instead, "an improvised name or title must be used which, by means of the phrase 'as a felony' or in some other manner, labels and distinguishes the offense without reference to a previous conviction." Id. (citing N.Y. CRIM. PROC. LAW 200.60(1),(2)).

The purpose of C.P.L. § 200.60 is to give a defendant the opportunity to stipulate to a prior conviction so as "to avoid the prejudicial impact of having the prior offense proven to the jury[.]" People v. Reynolds, 283 A.D.2d 771, 772 (3d Dept. 2001) (citing People v. Cooper, 78 N.Y.2d 476, 480-82 (1991)). Even if there was error, Petitioner was not prejudiced, because "[t]he setting, participants and witnesses to the incident underlying the

charges necessarily put the jury on notice that defendant was incarcerated." People v. Reynolds, 283 A.D.2d at 772. Furthermore, Plaintiff's challenge based on the alleged misapplication of C.P.L. § 200.60 asserts an issue of state criminal procedure and does not set forth a claim of federal constitutional magnitude cognizable in this habeas proceeding. E.g., Adorno, 2000 WL 33767758, at *2.

### C. Failure to Release Petitioner Pursuant to C.P.L. § 190.80

Petitioner claims that he was held in custody for forty-three days while awaiting action by the grand jury, and that this violated his right to due process under the Fourteenth Amendment. Respondent has construed this as a claim pursuant to C.P.L. § 190.80, which provides that a defendant, who, "on the basis of a felony complaint has been held by a local criminal court for the action of a grand jury, and who, at the time of such order or subsequent thereto, has been committed to the custody of the sheriff pending such grand jury action, and who has been confined in such custody for a period of *more than forty-five days* . . . without the occurrence of any grand jury action[,]" shall be released on his own recognizance unless the lack of a grand jury disposition was due to the defendant's request or occurred with his consent; or the prosecution has shown good cause why the defendant should not be released. N.Y. CRIM. PROC. LAW § 190.80 (emphasis supplied).

It bears noting that Singleton claims that he was erroneously held for forty-three days without grand jury action, but the statute under which he alleges injury does not provide for release until forty-five days has passed. Thus, Singleton's case is outside the purview of C.P.L. § 190.80. Furthermore, this claim only raises an issue of state criminal procedure, and as such, is not cognizable on habeas review. See, e.g., Strong v. Mance, 07 cv 878, 2010 WL 1633398, at *8 (N.D.N.Y. Apr. 2, 2010)("Petitioner's second argument that counsel was ineffective by failing to seek his pre-indictment release pursuant to C.P.L. § 190.80 . . . is grounded in the state criminal procedure statute, and accordingly, is not cognizable on habeas review.") (citing, inter alia, 28 U.S.C. § 2254(a); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas corpus review not available to remedy alleged error of state law)).

**D.  First Amendment Violation**

Petitioner contends that he was entitled, under the First Amendment, to not be subjected to the "obscene and profane" language (i.e., "Watch where you're going, motherfucker!") uttered by the victim, Manka, at the time of the incident. In support of this claim, Petitioner notes that there are facility rules which prohibit the use of this type of language, because it presents a "clear and present danger to institutional safety and can lead to violence." Petition at 8 (Dkt #1).

Very broadly interpreted, these allegations may suggest that Petitioner believes he is entitled to some type of justification defense, that is, he was incited to violence by Manka's use of what he deems "fighting words". This argument, albeit creative, is without merit. See, e.g., People v. Bova, 118 Misc.2d 14, 17, 460 N.Y.S.2d 230, 232 (N.Y. Sup. Ct. 1983) ("It is axiomatic that the use of force against another is not justified in response to a mere verbal provocation."); Bennett v. State, 59 Misc.2d 306, 309, 299 N.Y.S.2d 288, 292 (N.Y. Ct. Cl. 1969) ("Words, no matter how coarse and abusive, which tend to excite angry passions never justify a physical assault.") (quotation omitted).

A petition for a writ of habeas corpus may be brought by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner has not explained how Manka's use of profanity had any effect whatsoever on the constitutionality of his conviction, sentence, and resultant custody.

Furthermore, Petitioner has no private right of action under the First Amendment to the United States Constitution to be "free from obscene and profane" speech. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S.

CONST., amend. I. Profane or obscene language generally is not entitled to protection under the First Amendment, and the Supreme Court has upheld governmental restrictions on its public use. See, e.g., Chaplinsky v. State of New Hampshire, 315 U.S. 568, 572 (1942) ("Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.") (quotation omitted). From these basic tenets, however, it does not follow that the First Amendment protects an individual from being subjected to obscene or profane language. Furthermore, the statement, "Watch where you're going, motherfucker!" arguably is not equivalent to "fighting words" as that term has been interpreted by the United States Supreme Court. See R.A.V. v. City of St. Paul, Minnesota, 505 U.S. 377, 432 (1992) ("Whether words are fighting words is determined in part by their context. Fighting words are not words that merely cause offense. . . .") (Stevens, J., concurring).

**IV. Conclusion**

For the foregoing reasons, Petitioner Willie Singleton's request for a writ of habeas corpus is denied, and the petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3) and FED. R. APP. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith. Therefore, the Court denies leave to appeal as a poor person. See Coppedge v. United States, 369 U.S. 438, 445-46 (1962).

A further application for leave to appeal in forma pauperis must be made to the Second Circuit Court of Appeals in accordance with FED. R. APP. P. 24(a)(1), (4), & (5). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: June 20, 2013
       Rochester, New York